A99A0258. BICKLEY v. THE STATE.
(517 SE2d 363)

ANDREWS, Judge.

Wilson Reginald Bickley appeals from the judgment entered after he was convicted of rape, cruelty to children, burglary, and aggravated assault. Bickley claims on appeal that the trial court erred in denying his *Batson* challenge and in failing to hold a *Stovall v. Denno*, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967) hearing after a similar transaction witness identified him in court. We find no reversible error and affirm.

1. First, Bickley contends the trial court failed to follow the correct procedure after he challenged the State's peremptory strike of the only African-American male in the jury pool.[1] Bickley does not contend the State violated *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) by using the peremptory strike against the

---

[1] Bickley also claims the trial court did not follow the proper procedure in denying the State's *Batson* challenges. Because he can show no harm as a result of this claimed error, there is nothing for us to review. *Mozier v. State*, 207 Ga. App. 264, 268 (427 SE2d 551) (1993).

prospective juror, only that the trial court failed to follow the correct procedure. Bickley makes no argument in support of this contention, merely stating that "[t]he specific steps that the trial Court was supposed to go through in each of these challenges was not done." Bickley then cites to numerous pages in the transcript. Bickley also does not cite to any authority in support of this claim of error.

In any event, there was no error. The State gave a racially neutral reason for striking the juror. The juror stated that he had a general distrust of the criminal justice system. Further questioning revealed that the juror had several friends who had dealings with the police and he believed they were treated unfairly. The court correctly found this was a sufficiently race-neutral reason for the strike. *Jones v. State*, 226 Ga. App. 428, 430 (487 SE2d 62) (1997).

2. Bickley also argues the trial court erred in not granting his motion for a *Stovall v. Denno* hearing after one of the similar transaction witnesses identified him as the man who raped her in 1993. After this witness's testimony, defense counsel requested a hearing on the reliability of the in-court identification. Bickley contends the request for a hearing should have been granted because the witness was unable to pick him out of a photographic lineup and did not initially identify him at the previous trial.[2]

The court refused the request for a hearing at that time, pointing out that since the witness had already testified, counsel could cross-examine her on her previous identification. Nevertheless, after the jury left the courtroom, the court allowed defense counsel to make his argument as to why he was "troubled by" the in-court identification. The court pointed out that counsel had presented no evidence whatsoever that the victim had not identified Bickley at the previous trial; however, the court stated it would look at the transcript of the previous trial if counsel would produce it.

The record shows that the transcript was given to the trial judge during a recess. Bickley does not point to, nor do we find, any further mention of this issue during the trial. Moreover, defense counsel did not recall the witness, although the court had granted permission to him to do so. Therefore, we must presume that the trial court read the transcript of the previous trial, discussed it with counsel and counsel agreed that the witness had identified Bickley at the previous trial as the man who raped her.

Thus, Bickley can show no harm arising from the trial court's initial refusal to hold a *Stovall v. Denno* hearing. This enumeration of error is without merit.

---

[2] However, in response to defense counsel's question on cross-examination, the witness stated that in the previous trial she left the stand after testifying, but was then called back to the stand and identified Bickley as the man who raped her.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 5, 1999.

*Allen & Barber, W. Keith Barber*, for appellant.
*Patrick H. Head, District Attorney, Frank R. Cox, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.